THE MENNONITE MUTUAL FIRE INSURANCE COMPANY, Appellee, v. THE MISSOURI PACIFIC RAILWAY COMPANY et al. (THE HARDER-WEIDE HAY & GRAIN COMPANY, etc., et al., Cross-petitioners, Appellants).

No. 18,015.

HEADNOTE BY THE REPORTER.

COSTS—*Judgment for Defendant—Costs Properly Apportioned.* Where a plaintiff and each of two cross-petitioners asked affirmative judgments against the defendant railway company, dependent upon the same claim of negligent conduct, and judgment was finally rendered for the railway company for costs, such cross-petitioners can not justly complain of an order assessing to the plaintiff and each of the cross-petitioners the costs each respectively had made, and also one-third of the costs made by the railway company.

Appeal from Woodson district court. Opinion filed February 8, 1913. Affirmed.

*S. C. Holmes,* of Yates Center, for the appellants.

*C. E. Benton,* of Fort Scott, for the Missouri Pacific Railway Company:

*J. C. Culver,* of Yates Center, for the Mennonite Mutual Hail Insurance Company.

*Per Curiam:* Insured property was destroyed by fire. The insurance company paid $1700 upon its policy and brought action for that amount against a railroad company, claiming the fire to have been caused by its negligence. Two owners of separate portions of the property were made defendants. Each filed an answer and cross-petition, asking a judgment against the railroad company, the one for $500, the other for $1400. A verdict was returned in favor of the railroad company, upon which it was given judgment for all its costs against all the claimants. The two owners of the destroyed property filed a motion to retax the costs, asking in effect that they be released from liabil-

Insurance Co. v. Railway Co.

ity for any costs except such as they had themselves made, and that the judgment for the defendant's costs should run only against the plaintiff. The court then made an order that each claimant (the plaintiff and the two cross-petitioners) should pay the costs each respectively had made, and also one-third of the costs made by the defendant. The two cross-petitioners appeal from this order.

The appellants assert that they did not themselves desire to bring an action, but wished to settle with the railroad company without suit, and would have done so except for the plaintiff's course; that a settlement was prevented, and litigation was made necessary, by the action of the plaintiff. They argue that for this reason they should be relieved from the payment of any costs excepting such as were occasioned by their own conduct, and would not have been made if they had disclaimed. They also contend that the statute does not authorize a division of the judgment for costs.

By whatever motives the appellants may have been actuated, we think that when they joined with the plaintiff in the prosecution of the claim against the railroad company, they incurred an equal liability for that company's costs if it should prevail. So far as the railroad company was concerned, it was doubtless entitled to a joint and several judgment against these claimants for reimbursement of all the expenses it had incurred that were taxable as costs. But as between the claimants it was reasonable that an apportionment should be made. It was not necessary that the division should be in proportion to the amounts claimed, for there was no relation between these amounts and the costs incurred by the railroad company. The order that each claimant should pay one-third of the costs for which all were liable is not one of which the appellants can justly complain.

The judgment is affirmed.